## BLACK ET AL. v. GOREY.

*Joint enterprise—Question for jury, when—Verdict and judgment sustained by weight of evidence—Motor vehicle collision—Charge to jury.*

Where a petition alleges a joint cause of action against two defendants, and evidence is introduced tending to show that they were joint tort-feasors engaged in a joint enterprise at the time plaintiff suffered his injury, a question of fact is presented for determination by the jury, and a reviewing court is without power to disturb the verdict and judgment thereon unless it appears that the verdict was manifestly against the weight of the evidence.

(Decided November 28, 1921.)

ERROR: Court of Appeals for Licking county.

*Mr. S. L. Black* and *Messrs. Fitzgibbon, Montgomery & Black,* for plaintiffs in error.

*Messrs. Pugh & Pugh; Messrs. Skiles & Skiles,* and *Mr. Edward Kibler,* for defendant in error.

HOUCK, J. This case is here on a petition in error from the common pleas court of Licking county. The suit in the common pleas court was the result of a collision between an automobile owned by Marie C. Clark, driven by the joint de fendant in the court below, James Nelson Black, and a motorcycle on which defendant in error was riding:

At the time of the collision, on June 28, 1914, about 8 o'clock p. m., the defendant in error was

Appeal and Error, 4 C. J. § 2838; Motor Vehicles, 28 Cyc. p. 49 (Anno.).

riding his motorcycle, and riding behind him on said vehicle was one Gertrude Wright. They were going east on Broad street, and when just west of the county line between Licking and Franklin counties the collision in question occurred. On the same road at the same time the defendants below, Marie C. Clark and James Nelson Black, were traveling west in a one-seated Regal automobile.

James Nelson Black was driving the car at the time of the collision, and at said time Marie C. Clark, the owner of the car, the joint defendant in the suit, was seated on the driver's seat, at his right.

As a result of the collision between the automobile and the motorcycle, the defendant in error, Frank Gorey, received the following injuries: Left arm broken, a compound fracture of right thumb, a laceration on back of head, and an injury to the left leg that made it necessary to amputate same just below the knee.

The cause was submitted to a jury and a verdict returned for $12,700, which was approved by the trial judge, and a judgment was so entered.

James Nelson Black seeks a reversal of this judgment, and in his petition in error sets forth four grounds of error, but in oral argument his counsel stated in open court that they relied upon one, viz.:

"That in the trial in the common pleas court there was no legal evidence offered that proved or even tended to prove, or in any way established the fact, that at the time said Gorey sustained the injuries complained of in his petition, James Nelson Black and his co-defendant, Marie C. Clark, were engaged in a joint enterprise."

This question is raised by the pleadings and the evidence offered at the trial. The evidence is before us in the form of a bill of exceptions of one hundred and seventy pages. This we have read and examined with much care, and no little time and labor.

If there was any evidence presented to the jury by the plaintiff in the lower court to sustain his claim of a joint enterprise between James Nelson Black and Marie C. Clark, then the same being a question of fact was to be passed upon and determined by the jury, and it was for it to say in the verdict returned whether or not it so found.

The trial judge found there was some evidence upon this disputed question of fact, because he submitted it to the jury for its determination as to its weight and sufficiency.

The trial court charged the jury:

"If defendants were jointly in possession of the automobile at the time of the collision, and were engaged in a common or joint enterprise, or enterprise in the management and control of said automobile, each had the right to direct the movement and control of the car, then the act of one was the act of the other, and if negligence, as alleged, is shown against either of them, both are chargeable with such negligence, and if proof is made as here-inafter indicated, you should return a verdict against both defendants."

The law as here given being sound and clearly applicable to the question of fact in dispute, we are bound to and do find that the verdict of the jury is in every way responsive to the law and facts as presented in the instant case.

The petition in this case states a joint cause of action against the two defendants named therein, James Nelson Black and Marie C. Clark, and the legal force and effect of the allegations and statements 'of' fact in said petition are clearly sufficient to constitute said defendants joint tort-feasors.

This is denied by the answer of James Nelson Black, and this one issue of fact is raised.

The record discloses that some evidence was presented to the jury to sustain the allegations in the petition that the defendants below were joint tort-feasors and engaged in a common enterprise at the time of the collision in question. This was a question of fact to be determined by the jury, and the jury having done so, and found in favor of the plaintiff below, it is not within the power of a re viewing court to set aside the verdict, and the judgment entered thereon, unless we find that there was no evidence to support the verdict, or that it is manifestly against the weight of the evidence.

An inspection of the record fully satisfies us that there was an abundance of evidence to support the verdict and judgment, and that they are not against the weight of the evidence.

As we view the case, we find no prejudicial error in the record, and are of the unanimous opinion that the judgment of the common pleas court should be affirmed.

*Judgment affirmed.*

SHIELDS and PATTERSON, JJ., concur.